# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1186 | **DATE** | 8/4/2004 |
| **CASE TITLE** | S.J.G. Enterprises, Ltd vs. Eikenberry & Associates, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/11/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Eikenberry's motion (Doc 13-1) to transfer is denied. Ruling set for August 11, 2004 is stricken. However, counsel are to appear for status on August 11, 2004 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 8/05/04 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 20 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 2004 AUG -4 PM 3:23 | 8/4/2004 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.J.G. ENTERPRISES, LTD. d/b/a S.J.G. Associates, Ltd., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) 04 C 1186 ) |
| EIKENBERRY & ASSOCIATES, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Eikenberry & Associates, Inc.'s ("Eikenberry") motion to transfer. For the reasons set forth below, the motion is denied.

## BACKGROUND

Eikenberry is a corporation based in Kokomo, Indiana that is in the business of molding plastics products. In either 1984 or 1985, Eikenberry entered into a relationship with Stephen Gulyas, President of Illinois-based and incorporated Plaintiff S.J.G. Enterprises, Ltd. ("SJG") whereby SJG would represent Eikenberry as a sales agent. From that time until the beginning of 2000, the relationship continued without



incident with SJG soliciting orders for Eikenberry and being compensated on a commission basis. By the end of 2003, a significant dispute arose between the parties concerning the purported nonpayment of commissions owed by Eikenberry to SJG. While the parties initially attempted to resolve their differences on their own, by the beginning of 2004 negotiations had broken down and SJG had threatened to sue Eikenberry in Illinois. In anticipation of this lawsuit, Eikenberry filed suit on January 16, 2004, in the Circuit Court of Howard County, Indiana. Eikenberry's complaint sought a declaratory judgment concerning the terms of its relationship with SJG, the applicable law governing the dispute, and the amount owed to either party. While Eikenberry's counsel mailed a copy of the complaint and summons to SJG's counsel on January 16, 2004, Eikenberry was not able to properly effectuate service on SJG until March 4, 2004, when the complaint and summons were delivered to Gulyas' wife.

On February 18, 2004, SJG filed a complaint against Eikenberry in this court, seeking an accounting and alleging violations under the Illinois Sales Representative Act, 820 ILCS 120/0.01 *et seq*, with Eikenberry being served on February 20. The subject matter of the two lawsuits is nearly identical. Eikenberry then filed a motion to stay or dismiss the action in this court, which we denied as moot because the Indiana action had been removed to federal court in the Southern District of Indiana. On

May 25, 2004, the Southern Indiana District Court denied Eikenberry's motion to remand. Eikenberry now moves to transfer this case for consolidation with the previously filed action pending in the Southern District of Indiana.

## DISCUSSION

### The First to File Rule

Eikenberry first suggests that we should transfer this case to the Southern District of Indiana pursuant to the "first to file rule," which generally favors the forum of the first-filed suit. See Schwarz v. National Van Lines, Inc., 317 F. Supp. 2d 829, 832-33 (N.D. Ill. 2004). Under this rule, a district court has the discretion to transfer a suit that "is duplicative of a parallel action already pending in another federal court." Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citations omitted). However, the Seventh Circuit has never rigidly adhered to the "first to file" rule. Trippe Mfg. Co. v. American Power Conservation Corp., 46 F.3d 624, 629 (7th Cir. 1995). As Judge St. Eve has noted, courts will not enforce the rule when the first filed action was an "improper anticipatory filing" made for the purpose of forum shopping. Schwarz at 833. In particular, the rule cannot be permitted to allow a potential defendant to dictate the forum by filing "mirror image" declaratory judgement actions "brought in the face of clear threats of suit and seeking determinations that no liability exists." Id.

By July 15, 2003, SJG's counsel had expressed to Eikenberry that if its dispute with SJG over commissions could not be resolved, SJG felt entitled to relief under the Illinois Sales Representatives Act, including the statute's provisions for treble damages. Both parties affirm that by January 2004, their negotiations had broken down and that litigation appeared imminent. On January 16, 2004, Eikenberry filed the Indiana complaint seeking a declaratory judgment as to the applicable law governing its commissions dispute and to the amounts owed to either party. The complaint states that SJG is wrongfully claiming entitlement to commissions and acknowledges that SJG had "threatened to file a lawsuit seeking additional compensation." Eikenberry's Indiana action is precisely the type of mirror-image declaratory relief claim, brought in anticipation of litigation with the intent to preempt the plaintiff's choice of forum, to which the "first to file" rule does not apply. We accordingly will not transfer the present case to Indiana on first to file grounds. However, we must also determine whether transfer is appropriate pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)").

**Section 1404(a)**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer an

action is within the sound discretion of the trial court. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The party seeking transfer bears "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Id. at 219-20. In order to succeed, the moving party must demonstrate that (1) venue is proper in the transferor district, (2) the transferee court is in a district where the action may have originally been brought, and (3) transfer is for the convenience of the parties and will serve the interests of justice. Bukhari v. American Express Travel Related Services, 2002 WL 385561, *1 (N.D. Ill. 2002) (citing Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989)). As the parties do not dispute that venue is proper here and that the suit could have originally been brought in the Southern District of Indiana, we will limit our analysis to whether transfer would be more convenient for the parties and serve the interests of justice.

In analyzing whether transfer would be for the convenience of the parties and in the interest of justice, the court must first examine five factors relating to convenience: (1) the plaintiff's choice of forum, (2) the locations of the material events, (3) the relative ease of access to sources of proof in each forum, (4) the convenience of the parties, and (5) the convenience of the witnesses. Bukhari at *1 (citing Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000)).

A plaintiff's choice of forum is entitled to substantial weight when making a Section 1404(a) determination, particularly when the transferor court sits in the plaintiff's home district. Schwarz, 317 F. Supp. 2d at 835. On the other hand, where the plaintiff's chosen forum is not the plaintiff's home or the location of material events, the plaintiff's choice is entitled less deference. Id. For this reason, courts will often discuss the choice of forum and location of material events factors together. Id.

In the present case, SJG is based in Barrington, Illinois, within the Northern District. There exists pointed disagreement between the parties as to where the material events took place. SJG contends that the events at issue arose in Illinois, including the formation of its sales commission contract with Eikenberry as well as the contract's performance and breach. Namely, SJG states that Eikenberry retained SJG's services in Illinois, SJG sold on behalf of Eikenberry only in Illinois and Michigan, and that no aspects of SJG's duties related to Indiana. For its part, Eikenberry claims that the commissions contract was negotiated and executed at its office and plant in Kokomo, not in Illinois. Eikenberry further avers that SJG's orders were processed, billed, and coordinated in Kokomo, where most of Eikenberry's production took place.

Because the record does not conclusively demonstrate that the majority of relevant events took place in either Illinois or Indiana, and the important factual issue of where the contract was formed remains in dispute, the location of material events

factor is not dispositive. However, the deference afforded to SJG's choice when suing in its home forum supports keeping the action here.

The next factor looks to the relative ease of access to sources of proof. Since this action calls for an accounting of sales and commissions over a four-year period, neither party suggests that the documentary record will be voluminous.[1] As the only other sources of proof that the parties plan on introducing at trial will be in the form of witness testimony, which will be discussed below, this factor will not influence our analysis.

The fourth factor in our determination looks to the convenience of the parties. Each party resides in the forum in which it seeks to litigate, so the parties would be equally inconvenienced by having to litigate in the other's choice forum. As "it is axiomatic that a motion to transfer cannot be used simply to shift the one's party's inconvenience onto another party," IP Innovation LLC v. Lexmark Int'l, Inc., 289 F. Supp. 2d. 952, 955 (N.D. Ill. 2003), this factor does not bolster the position of either side.

The remaining convenience factor, the convenience of witnesses, "is often viewed as the most important factor in the transfer balance." Schwarz, 317 F. Supp.

---

[1] Eikenberry does not quarrel with SJG's assertion that all the records relevant to this case could be shipped in a single Federal Express box.

2d at 836. In making this determination, courts look to "the nature and quality of the witnesses' testimony with respect to the issues of the case." Id. Eikenberry has identified twenty-seven witnesses who are current and former Eikenberry employees who could potentially testify concerning Eikenberry's accounts payable and receivable, its commissions rates for sales agents and relationships with customers, as well as SJG's activities on behalf of Eikenberry. Eikenberry has specifically identified ten current and former employees, all Indiana residents, with the greatest and most relevant knowledge of the circumstances and events at issue. Eikenberry argues that because these ten witnesses all reside in Southern Indiana, with the three former employees outside the scope of our subpoena power, the convenience factor tilts especially in its favor.

SJG contends that it could potentially call certain customers from Illinois and Michigan, who could not be subpoenaed by the Southern District of Indiana and would themselves be inconvenienced by a transfer. However, SJG fails to specifically identify the witnesses who would purportedly be inconvenienced by a transfer, which it must do when arguing against the appropriateness of transfer. See Celozzi v. Boot, 2000 WL 1141568, *7 (N.D. Ill. 2000). While we recognize that the three to four-hour drive from Kokomo to Chicago is not particularly burdensome, because Eikenberry

references and identifies at least ten witnesses, compared to none by SJG, the convenience of witnesses factor tilts in Eikenberry's favor.

When adjudicating a motion to transfer, the "interests of justice" analysis "relates to the efficient functioning of the courts, not the merits of the underlying dispute." Schwarz, 317 F. Supp. 2d at 837. Factors to be considered include the speed with which the case will be resolved, familiarity of the respective courts with the law that applies to the dispute, the communities' relation to the events in question, and the desirability of resolving cases in the places where they arise. IP Innovation, 289 F. Supp. 2d at 955. The speed factor weighs against transfer, as courts in our district resolve cases, on average, over six months faster than do courts in the Southern District of Indiana.[2] So too does the next factor, as our court is more seasoned and familiar with the law governing this suit – the Illinois Sales Representative Act – than would be a court in Indiana. The final two factors cannot be determined because of the factual dispute that exists concerning where the relevant events in question, namely the initial contract formation, took place. That being said, the interests of justice aspect favors SJG and against transfer.

---

[2] See Federal Courts Management Statistics – 2003, available at http://jnet.ao.dcn/.

When balancing the appropriate considerations, two elements – plaintiff's choice of forum and interests of justice – support SJG's position against transfer while only the convenience of witnesses aspect gives merit to Eikenberry's argument for transfer. We therefore cannot say that Eikenberry has overcome its burden of demonstrating the need for transfer, and its motion is accordingly denied.

### CONCLUSION

Based on the foregoing analysis, Eikenberry's motion to transfer is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG - 4 2004